# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 1 6 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL INDICTMENT |
| | ) | |
| YOSHIO KUNUGI, | ) | NO. 1:10CR478 |
| NAOSHIGE MAKINO, | ) | |
| and | ) | |
| TAKAO FUKUCHI | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment, unless otherwise stated:

## COUNT ONE
(Conspiracy to Restrain Trade-15 U.S.C. § 1)

## DEFENDANTS AND CO-CONSPIRATORS

1.    Nippon Cargo Airlines Co., Ltd. ("NCA") was a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan.  NCA was engaged in the business of providing air transportation services for cargo in the United States and elsewhere.  NCA maintained several branch offices in the United States, including an office in

1

Atlanta, Georgia.  NCA's United States headquarters was located in New York.

2.      Japan Airlines International Co., Ltd. ("JAL") was a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan.  The cargo division of JAL was JAL Cargo Sales. JAL was engaged in the business of providing air transportation services for cargo in the United States and elsewhere.  JAL maintained several branch offices in the United States, including an office in Atlanta, Georgia.  JAL's United States headquarters was located in New York.

3.      YOSHIO KUNUGI is hereby indicted and named as a Defendant in this Indictment.  Defendant KUNUGI was employed by NCA from at least December 1999 until at least August 2005.  While employed by NCA, Defendant KUNUGI held the top executive position at NCA's United States headquarters as well as the number two and three positions at NCA's principal headquarters in Tokyo, Japan.  Defendant KUNUGI also served on NCA's Board of Directors.  While serving in these high-level executive positions, Defendant KUNUGI played a pivotal role in setting cargo rates for shipments to and from the United States.  Defendant KUNUGI left the employment of NCA to work for All Nippon Airways, an air cargo carrier that

was an active co-conspirator in the charged conspiracy until at least February 2006.

4.    NAOSHIGE MAKINO is hereby indicted and named as a Defendant in this Indictment.  Defendant MAKINO was employed by NCA from at least December 1999 until at least February 2006.  While employed by NCA, Defendant MAKINO held the top executive position at NCA's United States headquarters as well as high-level executive positions at NCA's principal headquarters in Tokyo, Japan.  Defendant MAKINO also served on NCA's Board of Directors.  While serving in these high-level executive positions, Defendant MAKINO played a pivotal role in setting cargo rates for shipments to and from the United States.

5.    TAKAO FUKUCHI is hereby indicted and named as a Defendant in this Indictment.  Defendant FUKUCHI was employed by JAL from at least December 1999 until at least February 2006.  While employed by JAL, Defendant FUKUCHI held top executive positions at JAL's Tokyo, Japan headquarters, including serving as the President of JAL's cargo division, JAL Cargo Sales.  While serving in these high-level executive positions, Defendant FUKUCHI played a pivotal role in setting cargo rates for shipments to and from the United States.

6.     Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

7.     Whenever in this Indictment reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

## BACKGROUND OF THE OFFENSE

8.     During the time period covered by this Indictment, NCA and JAL transported a variety of cargo, such as heavy equipment, perishable commodities, and consumer goods, on scheduled flights internationally, including to and from the United States.  For these air cargo services, NCA and JAL charged their customers a rate that consisted of a base rate, fees, and various surcharges for fuel, post-September 11 security, and import service.  The amount of the base rate could vary based on the type and weight of the shipment, the origin and/or destination of the shipment, and the nature of the goods or products being shipped.  Similarly, the amount of certain surcharges could vary based on the origin and/or destination of the shipment.

4

The base rate, surcharges, and any fees relevant to this Indictment are collectively referred to herein as "cargo rates."

## DESCRIPTION OF THE OFFENSE

9.      Beginning at least as early as December 1999, and continuing thereafter until at least February 2006, the exact dates being unknown to the Grand Jury, Defendant KUNUGI, Defendant FUKUCHI, and other co-conspirators entered into and participated in a conspiracy to suppress and eliminate competition by fixing and coordinating certain components of cargo rates charged to customers for international air shipments to and from the United States.  Defendant MAKINO joined and participated in the conspiracy at least as early as June 2001 until at least February 2006.  The combination and conspiracy engaged in by Defendant KUNUGI, Defendant MAKINO, Defendant FUKUCHI, and co-conspirators was an unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

10.      The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant KUNUGI, Defendant MAKINO, Defendant FUKUCHI, and co-conspirators, the substantial terms of which were to suppress and eliminate competition by

fixing and coordinating certain components of cargo rates on international air shipments to and from the United States.

## MANNER AND MEANS OF THE CONSPIRACY

11. For purposes of forming and carrying out the charged combination and conspiracy, Defendant KUNUGI, Defendant MAKINO, Defendant FUKUCHI, and co-conspirators did those things that they conspired to do, including, among other things:

(a)    participating in meetings, conversations, and communications in the United States and elsewhere to discuss the implementation of certain components of cargo rates;

(b)    participating in meetings, conversations, and communications in the United States and elsewhere to discuss prospective changes to certain components of cargo rates;

(c)    agreeing during those meetings, conversations, and communications to fix and coordinate certain components of cargo rates to be imposed on customers;

(d)    coordinating the timing of changes to certain components of

6

cargo rates to be imposed on customers;

(e)    issuing announcements of increases and decreases in certain components of the cargo rates in accordance with the agreements reached;

(f)    implementing collusive cargo rates in accordance with the agreements reached; and

(g)    accepting payment for shipments at collusive and noncompetitive rates.

## TRADE AND COMMERCE

12.    During the period covered by this Indictment, proposals, contracts, invoices for payment, payments, and other documents essential to the provision of air cargo services were transmitted in interstate and foreign trade and commerce between and among the offices of NCA, JAL, and their customers located in various States and foreign countries.

13.    During the period covered by this Indictment, Defendant KUNUGI, Defendant MAKINO, Defendant FUKUCHI, and co-conspirators transported substantial quantities of cargo, in a continuous and uninterrupted flow of interstate and foreign commerce, between various foreign countries and the United States, including through various U.S.

airports to final destinations in various States.

14.     During the period covered by this Indictment, the business activities of Defendant KUNUGI, Defendant MAKINO, Defendant FUKUCHI, and co-conspirators in connection with the air cargo services that are the subject of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## JURISDICTION AND VENUE

15.     The offense charged in this Indictment was carried out, in part, in the Northern District of Georgia within the five years preceding the return of this Indictment.

In violation of Title 15, United States Code, Section 1.

Dated this _16th_ day of _November_, 2010.

A TRUE BILL

_Angel R Glasodova_
FOREPERSON

_SDI_
SCOTT D. HAMMOND
Acting Assistant Attorney General
Antitrust Division
U.S. Department of Justice

_Lisa Phelan / SDH_
LISA M. PHELAN, Chief
MARK ROSMAN, Assistant Chief
National Criminal Enforcement
Section
Antitrust Division

8

FOR

_____
SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

_____
DEANA L. TIMBERLAKE-WILEY
Trial Attorney
Atlanta Field Office
Antitrust Division
Member of the Maryland Bar

_____
RICHARD A. POWERS
Trial Attorney
Atlanta Field Office
Antitrust Division
Alabama Bar No. 0799167P

Richard B. Russell Federal Building
75 Spring Street, SW, Suite 1176
Atlanta, GA 30303
(404) 331-7100
(404) 331-7110 (fax)